UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60094-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM JONATHON ECKHARDT,

    Defendant.
_____/



## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  The government is unaware of any written statements made by the defendant.

          2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

          3.  No defendant testified before the Grand Jury.

          4.  The NCIC record of the defendant is attached.

          5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney,



US v. Eckhardt, et al.<br>02-60094-Cr-WDF

500 Australian Avenue, Suite 400, West Palm Beach, Florida, 33401. Please call me to set up a date and time that is mutually convenient.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. All laboratory analyses of the substances seized in connection with this case will be made available to you upon receipt by this office. Those lab reports that are complete are attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

2

US v. Eckhardt, et al.
02-60094-Cr-WDF

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

   In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

   If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  Latent fingerprints found on items of evidence seized in this case are being analyzed. A copy of

<u>US v. Eckhardt, et al.</u>
02-60094-Cr-WDF

    the latent fingerprints will be made available upon request to me.

N. The government intends to offer expert testimony in the fields of chemical analysis and fingerprint analysis. The curriculum vitae of the experts will be provided upon receipt. Reports received to date that summarize the conclusions of the government's experts are included. Additional reports/summaries will be provided upon receipt.

    Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference referenced in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

 The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

 In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as stated in the Indictment.

4

US v. Eckhardt, et al.
02-60094-Cr-WDF

The attachments to this response are one compact disc (CD) and numbered pages __0001__ - __0393__. Please contact me if any items or pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By  */s/ Jennifer Prior*
Jennifer Prior
Assistant United States Attorney
Florida Bar No. 793337
500 Australian Avenue, Suite 400
West Palm Beach, FL  33401
Tel: 561-820-8711
Fax: 561-659-4526
jennifer.prior@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by Federal Express on May 30, 2002, to:

Bradley A. Goldbloom, Esq.
Kreiss & Goldbloom, LLP
One Financial Plaza, Suite 1615
Fort Lauderdale, FL  33394
(Counsel for William J. Eckhardt)

*/s/ Jennifer Prior*
Jennifer Prior
Assistant United States Attorney